**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Human Dynamics Corporation,<br><br>      Debtor<br>_____<br><br>Reorganized Human Dynamics Corporation, an Arizona corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>Low & Childers, PC., an Arizona professional corporation,<br><br>      Defendant.<br>_____ | No. CV-08-0781-PHX-DGC<br><br>**ORDER** |

Defendant Low & Childers, PC., ("L&C") has filed a Motion to Withdraw the Reference of Adversary Proceeding in Whole pursuant to 11 U.S.C. § 157, Federal Rules of Bankruptcy Procedure ("Federal Rules") Rule 5011, and Local Rules of Bankruptcy Procedure ("Local Rules") Rule 5011-1. Dkt. #2 at 1. A response and reply have been filed. Dkt. ##7, 11. For the reasons set forth below, the Court will deny the motion without prejudice.

**I.    Background.**

Debtor Human Dynamic Corporation ("HDC") is an Arizona corporation involved in the professional employer organization industry. Dkt. #2 at 10 ¶9, 22 ¶9. In early 2002, HDC and others brought suit in Arizona state court seeking workers' compensation insurance

1  coverage for HDC's clients. *Id*. at 11 ¶11, 22 ¶11. L&C, an Arizona law firm, represented
2  the plaintiffs. *Id*. at 15 ¶¶42-43, 25 ¶42.

3      HDC filed a voluntary Chapter 11 bankruptcy petition on June 6, 2005 with the
4  United States Bankruptcy Court for the District of Arizona. Dkt. #2 at 9 ¶1, 10 ¶7, 21 ¶1, 22
5  ¶7. Shortly thereafter, HDC and L&C requested that the bankruptcy court appoint L&C as
6  special non-bankruptcy counsel in the state court litigation (*see* Dkt. #7 at 3; Dkt. #7-2 at 3-6,
7  11-15; Dkt. #11 at 9), a function that L&C performed until withdrawing as counsel on
8  March 16, 2007 (Dkt. #2 at 15 ¶¶42-43, 25 ¶42; *see* Dkt. #7-2 at 22-23).

9      On July 19, 2007, HDC was reorganized as Reorganized Human Dynamics
10 Corporation ("RHDC"). *Id*. at 10 ¶7, 22 ¶7. On December 11, 2007, RHDC initiated an
11 adversary preceding against L&C in the bankruptcy court alleging one count of fraudulent
12 transfer. Dkt. #2 at 8-19. L&C subsequently filed this motion to withdraw the reference,
13 requesting a jury trial in this Court. *Id*. at 1-7.

14 **II.  Legal Standard.**

15     The Federal Rules provide that "[a] motion for withdrawal of a case or proceeding
16 shall be heard by a district judge." Fed. R. Bkrtcy. P. 5011(a). Congress has given the
17 district courts the authority to "provide that any or all cases under title 11 and any or all
18 proceedings arising under title 11 or arising in or related to a case under title 11 shall be
19 referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Consequently, the
20 Local Rules state that "the district court refers to the bankruptcy court for this District all
21 cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under
22 Title 11." Rule 5011-1.

23     This reference is not unconditional, however, and must be withdrawn under certain
24 circumstances. 28 U.S.C. § 157 allows the bankruptcy court to hear jury trials only in limited
25 situations:

26 > If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial
27 > if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties involved.
28

- 2 -

1 *Id*. at §157(e). Thus, the Court must withdraw the reference if the movant can demonstrate
2 both a right to a jury trial and a lack of consent to a jury trial by the Bankruptcy Court or the
3 parties. *See Dyer v. Lindblade* (*In re Dyer),* 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he
4 bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties
5 and the district court.").

6 **III.     Analysis.**

7       **A.     Satisfaction of Section 157(e).**

8       The Court finds that both elements for withdrawal under section 157(e) have been
9 satisfied. RHDC disputes both elements in its response, but in reality its arguments only
10 address the issue of entitlement to a jury trial and do not touch upon consent. RHDC does
11 not contest that L&C's answer to the complaint clearly states that it does not consent to a jury
12 trial by the Bankruptcy Court. Dkt. #2 at 29 ¶ 83. Consequently, the reference must be
13 withdrawn if L&C has a right to a jury trial.

14       The Seventh Amendment requires a trial by jury "in suits of common law" which
15 encompassed all "suits in which *legal* rights were to be ascertained and determined in
16 contradistinction to those where equitable rights alone were recognized, and equitable
17 remedies were administered." *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989)
18 (emphasis in original) (quotations and citation omitted). Suits to recover fraudulent transfers
19 are legal in nature and subject to the Seventh Amendment's protection because such suits
20 were traditionally brought in courts of law and the relief sought is one of monetary damages.
21 *Id.* at 12, 14-15.

22       This right, however, is not absolute. A bankruptcy court has "actual or constructive
23 possession of the bankruptcy estate" and decides "whether to allow claims against the
24 estate." *Id*. at 57 (quotations and citation omitted). Thus, "a creditor's right to a jury trial on
25 a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a
26 claim against the estate," because such a claim would constitute "part of the process of
27 allowance and disallowance of claims [or an] action integral to the restructuring of debtor-
28 creditor relations," both of which are "triable in equity." *Id.* at 58.

1    The parties agree that L&C has filed no claim against the estate. RHDC argues, however, that L&C submitted itself to the equity jurisdiction of the Bankruptcy court – and lost its right to a jury trial – by applying for and becoming special counsel for HDC. Dkt. #7 at 8-9. RHDC argues that this action is "no different" than filing a claim against the estate because L&C "asked for and received the opportunity to act on behalf of the debtor and subject to Bankruptcy Court rules and procedures." *Id.* at 10. RHDC cites no authority directly supporting this assertion, but instead relies by analogy on two cases.

RHDC's first case, *Coral Petroleum, Inc. v. Walker* (*In re Coral Petroleum*), 249 B.R. 721 (Bankr. S.D. Tex. 2000), held that a defendant had waived his right to a jury trial through his appointment as trustee to the estate, but this was because "trusts are special creatures over which courts of equity had virtually exclusive jurisdiction." *Id.* at 734-735. RHDC's second case, *AVN Corporation v. Namer* (*In re AVN Corp.*), 235 B.R. 417 (Bankr. W.D. Tenn. 1999), held that defendant had waived his Seventh Amendment rights by filing a proof of claim, but this was because "the filing of a proof of claim triggers the process of allowance and disallowance of claims." *Id.* at 423. Because an appointment as special counsel does not involve the special equity considerations of a trust, nor the "process of allowance and disallowance of claims," *Granfinanciera*, 492 U.S. at 58, it does not constitute a submission to the Bankruptcy Court's equity jurisdiction. *See In re Com 21*, No. C-04-03396 RMW, 2005 WL 1606357, at *10 (N.D. Cal. 2005) (Even though the Bankruptcy Court authorized counsel's employment and oversaw counsel's conduct, the District Court rejected the "sweeping conclusion that all disputes between a bankruptcy trustee and counsel are automatically equitable claims without a right to a jury trial.").

L&C applied to represent HDC only in the state court litigation and filed a motion to withdraw as council on February 23, 2007 (Dkt. #7-2 at 21-23), more than nine months before RHDC initiated this adversary proceeding. Dkt. #7-2 at 8-19. Thus, even though L&C was accountable to the Bankruptcy Court, that court's oversight did not involve allowance and disallowance of claims nor the unique exercise of equity jurisdiction. The claim of fraudulent transfer remains one at law and L&C is entitled to a trial by jury.

**B.     Necessity of Immediate Withdrawal.**

Even though the Court concludes that it must ultimately withdraw the reference of the adversary proceeding, RHDC argues that the Court should allow the bankruptcy court to conduct pre-trial matters. Dkt. #7 at 10-11. The Court agrees.

A right to a jury trial at the district court "does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *Sigma Micro Corp. v. Healthcentral.com* (*In re Healthcentral.com*), 504 F. 3d 775, 787 (9th Cir. 2007). Allowing the bankruptcy court to resolve pre-trial matters "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them," and "only by allowing the bankruptcy court to retain jurisdiction . . . do we ensure that our bankruptcy system is carried out." *Id.* at 787-788 (citations omitted). Because issues of fraudulent transfer are related to bankruptcy proceedings, *see* 11 U.S.C. 157(b)(2)(H), and the bankruptcy court is familiar with the background of this case, the Court concludes that the bankruptcy court should retain jurisdiction over pretrial matters. *See In re Don's Making Money*, 2007 WL 1302748 at *7 (allowing bankruptcy court to retain jurisdiction of pretrial matters because state law claims related to bankruptcy proceedings and the bankruptcy court was familiar with the facts of the case).

**IT IS ORDERED** that L&C's motion (Dkt. #2 at 1-7) is **denied without prejudice** to be reasserted once pretrial matters have been completed and the case is ready for trial.

DATED this 8th day of July, 2008.

_____
David G. Campbell
United States District Judge